**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

**ROBERT MARTIN**                                                          **PLAINTIFF**

**v.**                                       **2:08-CV-00204-WRW**

**AGRICULTURAL PRODUCTIVITY**
**d/b/a AG PRO OF DEWITT, ARKANSAS;** *et al.*                    **DEFENDANT**

**ORDER**

Pending is Defendant's Motion for Attorney's Fees (Doc. No. 4). Plaintiff has responded[1] and Defendant has replied.[2] Also pending is Defendant's Motion to Transfer Case (Doc. No. 6). At this point, Plaintiff has not responded.[3]

**I.   BACKGROUND**

Plaintiff brings this action alleging that he was discharged from employment as a mechanic on account of his race.[4] Plaintiff previously filed a virtually identical action on April 16, 2007, that was assigned to the Honorable James Moody.[5] In that case, Defendant filed a Motion to Transfer the case from Helena to Pine Bluff,[6] which was granted.[7] Defendant also filed

---

[1]Doc. No. 8.

[2]Doc. No. 10.

[3]On January 9, 2009, I sent Plaintiff a letter that if he chose not to respond to Defendant's Motion to Transfer Case by 5:00 p.m. on Friday, January 16, 2009, the motion would be granted. Plaintiff's original response was due on Wednesday, December 31, 2008.

[4]Doc. No. 1.

[5]*See* No. 5:07-CV-00189-JMM (E.D. Ark. April 16, 2007).

[6]*Id.* at Doc. No. 5.

[7]*Id.* at Doc. No. 7.

a Motion to Compel,[8] and the Order granting that motion directed Plaintiff to respond to Defendant's First Set of Interrogatories and Request for Production within ten days.[9] Plaintiff never responded to Defendant's discovery request, and on December 14, 2007, Plaintiff filed a voluntary dismissal.[10] Judge Moody granted the nonsuit three days later.[11] Plaintiff refiled the present action on November 21, 2008.[12]

## II.   DISCUSSION

In its brief in support of attorney's fees, Defendant first contends that this case should have been reassigned to Judge Moody.[13] Local Rule 40.1(c) provides that "[w]hen the plaintiff takes a voluntary nonsuit in a case and subsequently refiles that same case, the Clerk will assign it to the judge who handled it at the time of the entry of the nonsuit order." It appears that Local Rule 40.1 requires direct assignment of this case back to Judge Moody. In addition, Defendant argues, and I agree, that Judge Moody already "is familiar with the matters" that will be addressed in Defendant's two pending motions.[14] Accordingly, I need not address Defendant's pending motions. This case is transferred to Judge Moody.

---

[8]*Id.* at Doc. No. 10.

[9]*Id.* at Doc. No. 11.

[10]*Id.* at Doc. No. 12.

[11]*Id.* at Doc. No. 13.

[12]Doc. No. 1.

[13]Doc. No. 5.

[14]*Id.*

## CONCLUSION

Based upon the findings of fact and conclusions of law above, this case is TRANSFERRED to the Honorable James Moody.

IT IS SO ORDERED this 13th day of January, 2009.

/s/ Wm. R. Wilson, Jr
UNITED STATES DISTRICT JUDGE
